City of Jerseyville v. Kingston.

## CITY OF JERSEYVILLE

### v.

## THOMAS A. KINGSTON.

1.  WANT OF ORDINARY CARE—INSTRUCTION.—An instruction in which the jury are told that "slight negligence with want of ordinary care" will not defeat a recovery, is erroneous.   In every case the want of ordinary care on the part of the injured party will preclude a recovery.

2.  INSTRUCTION—ASSUMING FACTS.—An instruction which assumed that the sidewalk where the accident in question happened was in a defective condition was erroneous.   The jury should be left free to determine whether certain facts exist without the court determining in advance that such facts do exist.

APPEAL from the Circuit Court of Jersey county; the Hon. G. W. HERDMAN, Judge, presiding.   Opinion filed July 3, 1884.

Mr. A. A. GOODRICH and Messrs. HAMILTON & SLATEN, for appellant, as to instructions upon use of "ordinary care," cited C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Village of Warren v. Wright, 3 Bradwell, 602; Baldwin v. Killian, 63 Ill. 550; C & A. R. R. Co. v. Murray, 62 Ill. 326; I. C. R.

City of Jerseyville v. Kingston.

R. Co. v. Maffitt, 67 Ill. 431; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; Quinn v. Donovan, 85 Ill. 194; Ill. Linen Co. v. Hough, 91 Ill. 63; Joliet v. Walker, 7 Bradwell, 267.

Mr. G. E. WARREN, Mr. JAMES W. ENGLISH, Mr. WM. M. JACKSON and Mr. WM. H. POGUE, for appellee.

DAVIS, J. This suit was brought by appellee to recover damages for injuries he sustained by falling down a cellar-way, or entrance, leading from a sidewalk into the basement of a building situated on one of the principal streets of the city of Jerseyville.

In 1866 the building at which the accident occurred was erected, and in front was a sidewalk extending some forty feet. In the building was a basement, which since its erection has been occupied for business purposes. The entrance to this basement was by means of a stairway of seven or eight stone steps, about two feet wide, commencing at the sidewalk above, and descending along the side of the front of the building to the entrance of the basement door. The opening for the steps occupied three feet and nine inches, and took that much from the sidewalk, which was, including the opening for the stone steps, twelve feet wide. The opening for the stone steps descending to the basement, was surmounted by an iron railing on the outside which protected passers by from falling into the cellarway entrance from the side, and there remained of the sidewalk between the iron railing and the curbstone a space of seven feet for the unobstructed passage of pedestrians.

On the night of December 5, 1882, appellee, in going from his office to his home, between ten and eleven o'clock, walking close to the building, on the inside of the sidewalk, fell or walked down the open cellarway or stone steps leading to the basement and was injured so that he was confined to his house about two months.

The negligence charged against the city was in permitting an open stairway without any guard at its opening or entrance to occupy more than one third of the sidewalk on the main and most traveled street in the city.

Appellant denies negligence on its part and insists that ap-

pellee at the time of the accident was intoxicated, and was guilty of want of ordinary care.

The jury found a verdict for appellee and assessed his damages at $650. A judgment was rendered against appellant for that amount and an appeal taken to this court.

Errors are assigned by appellant to many of the instructions given by the court below for appellee. We will notice some of them to which we think the errors are well assigned.

The thirteenth instruction reads as follows:

"The court instructs for the plaintiff that a traveler on a public street is held to the exercise of only ordinary care. Slight negligence with want of ordinary care will not defeat a recovery for an injury received in consequence of a defect in the sidewalk of a street, provided the evidence shows that the city authorities were guilty of negligence in permitting the defect to exist in the street, and that a traveler was injured and was using ordinary care to avoid the injury."

By this instruction the jury are told that slight negligence with want of ordinary care will not defeat a recovery. This is not the law. In every case the want of ordinary care on the part of the injured party will preclude a recovery. C. B. & Q. R. R. Co. v. Johnson, Adm'r, 103 Ill. 513.

In the instructions given by the court generally, on this branch of the case, the court properly instructed the jury that if the plaintiff was guilty of negligence in not using ordinary care while passing along the sidewalk he could not recover. But the unfortunate use of the language "slight negligence with want of ordinary care" in this instruction was so contradictory to the other utterances of the court, that the danger was that the jury might be confused or misled.

The sixteenth instruction was erroneous in assuming that the sidewalk where the accident happened was in a defective condition or was defective.

The jury should be left free to determine whether certain facts exist, without the court determining in advance that such facts do exist.

For these errors the judgment of the court must be reversed and the cause remanded.

Judgment reversed.